IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE JOHN K. MACIVER INSTITUTE FOR
PUBLIC POLICY, INC.,

                Plaintiff,

v.

FRANCIS SCHMITZ, JOHN CHISHOLM, BRUCE LANDGRAF, DAVID ROBLES, ROBERT STELTER, in their official and individual capacities, KEVIN KENNEDY, SHANE FALK, and JONATHAN BECKER, in their individual capacities,

                Defendants.

OPINION and ORDER

16-cv-539-wmc

---

     In this civil action, The John K. MacIver Institute for Public Policy, Inc., purports to assert class claims against various state actors, alleging that they violated the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et seq.*, by seizing electronic information pursuant to search warrants issued by a County Circuit Court Judge during the course of a Wisconsin John Doe proceeding. Before the court are defendants' motions to dismiss this case in its entirety, on grounds of absolute and qualified immunity, as well as statutory defenses under the SCA. (Dkt. ##65, 68.) For the reasons explained below, those motions will be granted. For the same reasons, the court will also deny plaintiff's motion for a preliminary injunction and the return of its property (dkt. #88), and this case will be dismissed.

BACKGROUND[1]

A. The Parties

Plaintiff is The John K. MacIver Institute for Public Policy, Inc. ("MacIver"), a Wisconsin 501(c)(3) non-profit with its principal office in Dane County, Wisconsin. (Am. Compl. (dkt. #10) ¶ 4.) During the time period relevant to this lawsuit, defendant Francis Schmitz was a special investigator for the Wisconsin Government Accountability Board ("GAB") and was later appointed as a special prosecutor in the John Doe investigation. (*Id.* at ¶ 5.) As such, Schmitz was allegedly responsible for the daily operations of the investigation, including obtaining search warrants and subpoenas. (*Id.*)

Defendant John Chisholm is the Milwaukee County District Attorney, who allegedly played a supervisory role in directing the investigation. (*Id.* at ¶ 6.) Both defendants Bruce Landgraf and David Robles are Milwaukee County Assistant District Attorneys, who allegedly played a role in the John Doe investigation, including signing and notarizing at least one of the search warrant applications involved in this case. (*Id.* at ¶ 7.) In addition, defendant Robert Stelter is an investigator for the Milwaukee County District Attorney's Office, who allegedly signed multiple affidavits supporting requests for warrants and subpoenas from the John Doe court. (*Id.* at ¶ 8.) Plaintiff brings claims against defendants Schmitz, Chisholm, Landgraf, Robles and Stelter in both their official and individual capacities,

---

[1] Fundamental, additional background about the John Doe proceedings giving rise to this lawsuit can be found in the Wisconsin Supreme Court decision in *State ex rel. Two Unnamed Petitioners v. Peterson*, 2015 WI 85, 363 Wis. 2d 1, 866 N.W.2d 165.

Finally, defendant Kevin Kennedy was the Director and General Counsel of GAB. (*Id.* at ¶ 9.) Along with District Attorney Chisholm, plaintiff alleges that he directed the John Doe investigation. (*Id.*) Defendant Jonathan Becker was the Administrator of the Ethics and Accountability Division of the GAB and allegedly a principal member of the investigative team. (*Id.* at ¶ 10.) Shane Falk, a GAB staff attorney, allegedly was another core member of the investigative team who reviewed drafts of subpoena and search warrant applications. (*Id.* at ¶ 11.) Plaintiff brings claims against defendants Kennedy, Falk and Becker in their individual capacities only.

B. John Doe Proceedings

In Wisconsin, a John Doe proceeding is "intended as an independent, investigatory tool used to ascertain whether a crime has been committed and if so, by whom." *In re John Doe Proceeding*, 2003 WI 30, ¶ 22, 260 Wis. 2d 653, 660 N.W.2d 260 (2003). If the John Doe judge determines that probable cause exists, he or she "may order that a criminal complaint be reduced to writing." *In re John Doe*, 2009 WI 46, ¶ 17, 317 Wis. 2d 364, 766 N.W.2d 542. In presiding over a John Doe proceeding, the judge "serves essentially a judicial function" and has the responsibility "to utilize his or her training in constitutional and criminal law and in courtroom procedure in determining the need to subpoena witnesses requested by the district attorney, in presiding at the examination of witnesses, and in determining probable cause." *State v. Washington*, 83 Wis. 2d 808, 823, 266 N.W.2d 597 (1978) (footnote omitted). Therefore, a John Doe judge "must act as a neutral and detached magistrate." *State ex rel. Reimann v. Circuit Court for Dane Cty.*, 214 Wis. 2d 605, 625, 571 N.W.2d 385 (Wis. 1997).

3

John Doe proceedings in Wisconsin originally arose out of state common law, dating back to at least 1889, but they have since been codified in the "John Doe statute," Wis. Stat. § 968.26. *Reimann*, 214 Wis. 2d at 620 n.9, 571 N.W.2d at 390 n.9. By statute, a John Doe proceeding is presided over by a "judge," not including a "permanent reserve judge" or a "temporary reserve judge." Wis. Stat. § 968.26(b); *see also State ex rel. Newspapers, Inc. v. Circuit Court for Milwaukee Cty.*, 65 Wis. 2d 66, 70-71, 221 N.W.2d 894 (1974) ("The John Doe statute was amended in 1969 to require that the proceedings be conducted by a judge, meaning a judge of a court of record, rather than a magistrate."). A John Doe judge has the express authority to issue search warrants, including for electronic information. *See* Wis. Stat. § 967.02(2m) (defining "judge" as a "judge of a court of record"); Wis. Stat. § 968.12 (defining a search warrant as "an order signed by a judge"); Wis. Stat. § 968.375(3)(a) (providing that a "judge" can issue a search warrant for electronic information upon a showing of probable cause); *see also* Wis. Stat. § 967.02(1t) (defining "court" as "the circuit court unless otherwise indicated"). Less clear under Wisconsin law, however, is whether a John Doe judge acts as a "tribunal," as opposed to a "court," and therefore whether "an order issued by a John Doe judge is not an order of a 'circuit court' or a 'court of record.'" *In re John Doe Proceeding*, 2003 WI 30 at ¶ 23.

The Wisconsin Supreme Court recently provided a descriptive overview of the function and value of a John Doe proceeding:

> [F]rom the earliest stages of the proceeding, to the conclusion of the investigation, "[t]he proceedings of the John Doe are constantly under the scrutiny of a judge." *Doe*, 78 Wis. 2d at 165, 254 N.W.2d 210. The John Doe judge does not act as

4

> "chief investigator" or as a mere arm of the prosecutor. *Washington*, 83 Wis. 2d at 823, 266 N.W.2d 597. Rather, the John Doe judge serves as a check on the prosecutor and on the complainant to ensure that the subject(s) of the investigation receive(s) due process of law. *See Doe*, 78 Wis. 2d at 164–65, 254 N.W.2d 210.
>
> In this way, Wisconsin's John Doe proceeding is very different than a grand jury, and when conducted appropriately, provides much greater protections to the target of an investigation. *Id.* at 165, 254 N.W.2d 210. This is due in no small part to the role played by the John Doe judge, which is to ensure that the investigation stays focused on the conduct alleged in the petition to commence the John Doe proceeding. *Washington*, 83 Wis. 2d at 841–42, 266 N.W.2d 597. . . .
>
> . . . .
>
> . . . . Thus, "[a] John Doe proceeding . . . serves both as an inquest into the discovery of crime and as a screen to prevent 'reckless and ill-advised' prosecutions." *Reimann*, 214 Wis. 2d at 621, 571 N.W.2d 385 (citation omitted).

*State ex rel. Two Unnamed Petitioners v. Peterson*, 2015 WI 85, ¶¶ 363 Wis. 2d 1, 866 N.W.2d 165.

### C. Stored Communications Act

Under federal law, the SCA permits "a governmental entity" to require the disclosure of certain information from a provider of an electronic communication service or remote computing service depending on the facts and procedures. 18 U.S.C. § 2703. At the same time, a "person aggrieved" by a violation of the SCA may bring a civil action seeking damages and other equitable or declaratory relief. 18 U.S.C. § 2707. Plaintiff alleges that defendants violated 18 U.S.C. §§ 2703(a), (b) and (c) by seizing contents of its electronic communications under search warrants issued by a John Doe judge, without

providing plaintiff notice of those seizures. The differences between those subsections are largely immaterial for the purposes of deciding defendants' motions to dismiss under certain SCA "safe harbor" defenses and common law immunities.

OPINION

The defendants' motions turn on resolving discrete questions of law: (1) whether a search warrant issued by a John Doe judge qualifies as "a warrant issued . . . by a court of competent jurisdiction," pursuant to which the SCA permits disclosure of information without notice, *see* 18 U.S.C. §§ 2703(a), (b) & (c); (2) whether defendants are entitled to the statutory good faith defense under 18 U.S.C. § 2707(e); (3) whether absolute or qualified immunity applies; and/or (4) whether plaintiff is entitled to declaratory or injunctive relief. The court addresses these questions in order.

I.  Defenses Under the SCA

   A.  Warrant Issued by a Court of Competent Jurisdiction

There is no violation of the SCA if electronic information is obtained "pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction." *See* 18 U.S.C. § 2703(a), (b) & (c). As defined in the SCA:

> (3) the term "court of competent jurisdiction" includes --
>
> > (A) any district court of the United States (including a magistrate judge of such a court) or any United States court of appeals that --

6

> (i) has jurisdiction over the offense being investigated;
>
> (ii) is in or for a district in which the provider of a wire or electronic communication service is located or in which the wire or electronic communications, records, or other information are stored; or
>
> (iii) is acting on a request for foreign assistance pursuant to section 3512 of this title; or
>
> (B) *a court of general criminal jurisdiction of a State authorized by the law of that State to issue search warrants*[.]

18 U.S.C. § 2711 (emphasis added).

Given this definition, the parties appropriately focus on whether a Wisconsin circuit court judge (the state equivalent of a district judge of this court) who issues a search warrant while presiding over a John Doe proceeding acts as "a court of general criminal jurisdiction . . . authorized . . . to issue search warrants." 18 U.S.C. § 2711(3)(B). In concentrating on "judge," plaintiff makes a formalistic argument, reasoning that Wisconsin's Constitution provides that "the circuit court shall have original jurisdiction in all matters civil and criminal." Wis. Const. art. VII, § 8. In contrast, a circuit court judge presiding over a John Doe proceeding is not a "court" at all, much less a "court of competent jurisdiction," meaning a state "court of general criminal jurisdiction," since in the John Doe proceeding all the judge can do is authorize and supervise a criminal *investigation*. Curiously, plaintiff makes that same argument even if the John Doe judge is a circuit court judge empowered by the state constitution to exercise general jurisdiction over other criminal matters.

In response, defendants present what is essentially a functional argument: since Wisconsin law permits a John Doe judge to issue search warrants, and since a John Doe judge is a circuit court judge, then a search warrant issued by her *is* issued by "a court of competent jurisdiction" under Wisconsin state law principles, regardless of whether she is presiding over a John Doe or circuit court proceeding at any particular time.

Plaintiff cites a number of Wisconsin cases for the basic proposition that for various purposes under Wisconsin law, a John Doe judge is not equivalent to a "court," nor a "court of general criminal jurisdiction." (Pl.'s Opp'n Br. (dkt. #78) at 7-14.) However, the relevant question for SCA purposes is not necessarily how Wisconsin courts interpret different aspects of a John Doe proceeding. The question is whether in issuing a warrant, a John Doe judge is acting as a "court of competent jurisdiction" under the meaning ascribed to that phrase in the SCA.

In answering this latter question, plaintiff argues that in amending 18 U.S.C. § 2703 in 2009 to require that a warrant be issued by a "court of competent jurisdiction," Congress "clearly established . . . that only 'a court of general criminal jurisdiction of a State authorized by the law of that state to issue search warrants' could issue an SCA-compliant warrant that would permit a governmental agency to seize stored electronic communications without first providing notice." (*Id.* at 40.) Contrary to plaintiff's interpretation, however, the 2009 amendments to the SCA's definition of "a court of competent jurisdiction" give rise to the opposite inference: the language defining that term was amended to "*include*[]" a "court[] of general criminal jurisdiction" authorized by state law to issue search warrants, while it was previously defined in the

8

SCA (by reference to 18 U.S.C. § 3127) as "mean[ing]" such state courts. *See* PL 111-79, 123 Stat. 2086. In other words, the amendments reflect Congress's intent to expand, rather than restrict, what qualifies as a "court of competent jurisdiction" by adopting the non-exclusive word "includes" instead of "means."

Plaintiff also argues that Congress's use of the phrase "court of competent jurisdiction" in the SCA, rather than "judge of competent jurisdiction" as it appears in the wiretap statute, 18 U.S.C. § 2518, demonstrates its intent to adopt a *narrower* range of sources from which a government entity can obtain a valid warrant, but this is further refuted by Congress defining a "court of competent jurisdiction" to include a magistrate judge of a federal court. *See* 18 U.S.C. § 2510(9); 18 U.S.C. § 2711(3); *see also In re United States*, 10 F.3d 931, 938 (2d Cir. 1993) ("[W]e are unwilling, in the absence of explicit statutory direction, to expansively interpret Title III's definition of a 'judge of competent jurisdiction,' 18 U.S.C. § 2510(9), to include magistrate judges."). Accordingly, plaintiff's argument that a state judge who sits on a court of general criminal jurisdiction is somehow *not* a "court of competent jurisdiction" under the SCA simply because she is presiding over a John Doe proceeding puts form over substance, particularly when not supported by the plain language of the statute, nor by any expression of a contrary intent, either explicit or implicit, from Congress.

A finding that the SCA recognizes a John Doe judge as a "court of competent jurisdiction" at least where the same judge sits on a court of general criminal jurisdiction is further supported by the types of procedural safeguards with which Congress was concerned in enacting and amending the SCA. *Cf. Hubbard v. Myspace, Inc.*, 788 F. Supp.

9

2d 319, 324 (S.D.N.Y. 2011) (finding the phrase "jurisdiction over the offense under investigation" in the pre-2009 amendment version of the SCA to be "ambiguous inasmuch as it could refer to jurisdiction to preside over trials or to issue warrants," and resolving that dispute by examining "the context of the statutory scheme"). As an initial matter, the language of § 2703 focuses on the *procedures* by which electronic information can be obtained. For example, a prerequisite for a valid warrant under the SCA is that it be "issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures)." *See* 18 U.S.C. § 2703(a), (b) & (c). Here, plaintiff does not dispute that defendants followed proper Wisconsin procedures in obtaining the search warrants at issue.

That the SCA specifically makes valid warrants issued by federal magistrate judges further suggests that Congress did not intend to exclusively limit those powers to judges who can enter felony judgments. Indeed, John Doe judges are remarkably similar to federal magistrate judges in that they are authorized to issue and supervise the execution of search warrants for felony crimes even though they cannot preside over a felony trial. *Cf. Hubbard*, 788 F. Supp. 2d at 324 (holding that a search warrant issued by Georgia state magistrate was valid under the SCA before the 2009 amendments; "[i]f a federal warrant would have sufficed under Section 2703(a) despite having been issued by a magistrate judge who could not have presided over a trial of the investigated offense, the same no doubt can be said of an '*equivalent* State warrant'") (emphasis in original). One might, of course, argue that federal magistrate judges are specifically identified as an example of a federal court of competent jurisdiction, while state judges with similar

10

powers are not, suggesting Congress might have intended to exclude them, but an equally strong inference is that Congress decided against surveying the various, non-uniform state laws and procedures to offer additional examples. The difficulty of such an endeavor is highlighted by the number of Wisconsin cases that plaintiff cites, which address a number of different aspects of John Doe proceedings, in an ongoing effort to divine seemingly arbitrary lines between a "judge" and a "court."

Contrary to plaintiff's assertion, therefore, the SCA's protections against access to electronic information appear centered around traditional due process principles, not overly severe demarcations between types of state courts, laws and procedures that may constitute a "court of competent jurisdiction." This is evident not only by the 2009 amendments to the statute, which replace exclusive language with non-exclusive language, but also by the statute's "pyramidal structure governing conditions under which service providers must disclose stored communications to the government," which requires a warrant obtained after a showing of probable cause for disclosure of certain information without notice and a lesser showing under other circumstances. *See In re Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corp.*, 829 F.3d 197, 207-08 (2d Cir. 2016). For these reasons, search warrants issued by the John Doe judge here -- as a neutral, independent judicial officer authorized by Wisconsin law to issue warrants for electronic information only upon a showing of probable cause, and who, by statute, is a judge of a court with general criminal investigation and, therefore, has experience regarding the constitutional principles underlying search warrants and

criminal investigations -- is a warrant issued by a "court of competent jurisdiction" under the SCA.

### B. Good Faith

Even if the search warrants issued by the John Doe judge were not valid warrants issued by a court of competent jurisdiction under the SCA, defendants cannot be held liable. Rather, because as the closeness of the question as discussed above demonstrates, they are entitled to protection under the SCA's good faith defense.

Under the SCA, a "good faith reliance on . . . a court warrant or order, a grand jury subpoena, a legislative authorization, or statutory authorization . . . is a complete defense to any civil or criminal action brought under this chapter or any other law." 18 U.S.C. § 2707(e)(1). As plaintiff frames the issue of the § 2707(e) defense, "[t]he relevant inquiry is Defendants' good faith with respect to whether a John Doe judge can issue a valid warrant." (Pl.'s Opp'n Br. (dkt. #78) at 44.)

As an initial matter, the court can consider the statutory good faith defense as a basis for defendants' Rule 12(b)(6) motions to dismiss because plaintiff pleaded the absence of good faith in its amended complaint. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) ("[W]hen an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion."). The parties disagree whether the evaluation of the SCA's good faith defense in this circuit involves only an objective analysis or both an objective and subjective analysis. *Compare Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1181 (9th Cir. 2013), *with McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th

Cir. 2006). Defendants are entitled to the good faith defense under either formulation of the test.

Defendants' objective good faith is established for the reasons already explained -- namely, the procedures for and due process protections attendant to obtaining a search warrant for electronic information from a John Doe judge are consistent with obtaining a warrant issued by a "court of competent jurisdiction" under the meaning of the SCA. Given the absence of *any* case law even suggesting that a state search warrant issued under similar circumstances *may* be invalid under the SCA, plaintiff's conclusory allegation of a lack of good faith is also wholly insufficient to support a claim that defendants "actually knew that the [warrant] was invalid [under the SCA]." *Sams*, 713 F.3d at 1181. Finally, plaintiff concedes that it "does not challenge the evidentiary basis for the warrants issued in this case," and so there are no other grounds under which it can prove that any of the defendants lacked good faith in obtaining and executing the search warrants. Accordingly, each defendant is entitled to judgment as a matter of law on plaintiff's individual capacity SCA claims on the basis of the good faith defense under § 2707(e), whether objective or subjective.

II.     **Immunity**

Assuming plaintiffs could prove that defendants violated the SCA *and* lacked good faith in doing so, there is still the question of their right to absolute or qualified immunity. As for Milwaukee County District Attorney Chisholm and his assistants Landgraf and Robles, plaintiff cites *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), for the proposition that "[p]rosecutors may not claim absolute immunity from liability for their

13

investigatory actions." (Pl.'s Opp'n Br. (dkt. #78) at 32).) Certainly, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity," but plaintiff ignores that the U.S. Supreme Court also emphasized in *Buckley* that it "ha[s] not retreated . . . from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate of the State, are entitled to the protections of absolute immunity." 509 U.S. at 273. Thus, contrary to plaintiff's assertion, the District Attorney and his assistants' participation in the John Doe investigation into plaintiff's activities in no way forecloses their entitlement to absolute immunity, and despite plaintiff's argument that the John Doe proceeding had taken place for multiple years without a criminal complaint, there is *nothing* in its pleading to infer that the ongoing investigation was not in view of a criminal prosecution. To the contrary, all indications are that a search for criminal activity and prosecution was the reason the John Doe judge authorized and the DA pursued the investigation. Accordingly, it appears that the prosecutor defendants would be entitled to absolute immunity although the court need not decide this issue here for the reasons already explained.

Similarly, the arguments raised by these defendants as well as the other remaining defendants, including the DA's investigator Stelter and GAB special prosecutor Schmitz, suggest that they would be entitled to qualified immunity for obtaining and executing search warrants for at least two reasons. First, in response to plaintiff's argument that

qualified immunity does not apply to claims asserting violations of statutory rights, defendant Stelter cites several circuit court cases, including some from the Seventh Circuit, applying qualified immunity to claims asserting violations of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, which is similar to the SCA in a number of material respects. *See, e.g., Narducci v. Moore*, 572 F.3d 313, 323 (7th Cir. 2009) ("This circuit, like a few others, recognizes qualified immunity as a defense to a lawsuit under Title III."); *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998) (framing qualified immunity issue regarding a claim for a violation of the Federal Wiretap Act as "whether [defendant's] actions violated a clearly established *statutory* or constitutional right") (emphasis added).

Second, even if plaintiff has a statutory right under the SCA not to have its electronic information seized pursuant to a warrant issued by a John Doe judge, that right was *not* clearly established in light of the dearth of case law interpreting the SCA's "court of competent jurisdiction" language at all, much less to include John Doe warrants issued by a duly authorized, fully competent state trial court judge. Although the court also need not decide this issue, all defendants would appear entitled to qualified immunity against plaintiff's claims for damages under the SCA.

### III. Injunctive Relief

Finally, the defendants also sued in their official capacities move to dismiss plaintiff's remaining claim for declaratory and injunctive relief under 18 U.S.C. § 2707(b)(1) of the SCA or the *Ex Parte Young* exception to the Eleventh Amendment. Based on an alleged, ongoing violation of the SCA, plaintiff seeks injunctive relief : (1)

requiring defendants to "provide a confidential, true, and accurate copy of . . . electronic communications and data that were seized;" and (2) prohibiting defendants from disclosing any information seized or further seizing any additional information pursuant to warrants issued by a John Doe judge. (Am. Compl. (dkt. #10) at 27-28.) Plaintiff has not demonstrated that it is entitled to any declaratory or injunctive relief for the reasons already explained, but also because it cannot show any likelihood of future use of the information seized for at least three reasons. First, plaintiff can show *no* likelihood that defendants will obtain any similar search warrants from a John Doe judge, as both John Doe proceedings relevant to this lawsuit have been closed, and the Wisconsin Supreme Court has held that the legal theory underlying the John Doe proceedings cannot support a criminal investigation. *See Peterson*, 2005 WI 85.

Second, to the extent that plaintiff seeks to preclude defendants from initiating future criminal prosecutions based on information learned from any electronic records that have already been seized, an injunction limiting future criminal prosecutions would not comport with well-established notions of comity. *See Younger v. Harris*, 401 U.S. 37, 44 (1971) ("This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions[.]"); *cf. O'Shea v. Littleton*, 414 U.S. 488, 500 (describing as untenable "an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials," as it essentially called for "an ongoing federal audit of state criminal proceedings,

which would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent") (citation omitted).

Third, in light of the Wisconsin Supreme Court's orders governing defendants' retention and use of information gathered as part of the two John Doe proceedings relevant to this case, *see State ex rel. Three Unnamed Petitioners v. Peterson*, 2015 WI 103, 365 Wis. 2d 351, 875 N.W.2d 49, plaintiff cannot show any likelihood that defendants will use information obtained as part of the investigations. Accordingly, plaintiff's claim for declaratory or injunctive relief under the SCA must also be dismissed.

ORDER

IT IS ORDERED THAT:

1. Defendants' motions to dismiss (dkt. ##65, 68) are GRANTED.

2. Plaintiff's motion for an injunction and for the return of its property (dkt. #88) is DENIED.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 15th day of March, 2017.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge